# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-CV-03276-CMA-MEH

**LISA D. ESTRADA and CALVIN C. WALKER**, on behalf of themselves individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**CONVERGYS CORPORATION** and
**CONVERGYS CUSTOMER MANAGEMENT GROUP INC.**,

    Defendants.

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into by and between Plaintiffs Lisa D. Estrada and Calvin C. Walker (collectively "Plaintiffs") and Defendants Convergys Corporation and Convergys Customer Management Group Inc. ("Defendants"). Defendants and the Plaintiffs (collectively the "Settling Parties") agree to do all things and procedures necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Defendants of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims by the Plaintiffs; (c) the release and dismissal with prejudice of all claims of failure to pay compensation for work performed by the Plaintiffs; and (d) other valuable monetary and non-monetary consideration as set forth herein.

1

## I. CONSENT TO COURT SUPERVISION AND APPROVAL

**A.** The Settling Parties shall cooperate with each other to present a joint motion to approve the Agreement.

**B.** Plaintiffs filed this lawsuit on December 17, 2012 alleging claims for unpaid wages, overtime, and other damages, as well as for costs and attorneys' fees, under the Fair Labor Standards Act and Colorado law. Plaintiffs alleged that Defendants failed to compensate them and other employees at Defendants call centers in Colorado and nationwide for alleged work performed but not recorded by Defendants' time keeping systems. Defendants have denied Plaintiffs' allegations, have denied that they violated the FLSA, Colorado law, or any other law, and have denied that they owe Plaintiffs or any other employee any unpaid wages, overtime, or other damages, costs, or attorneys' fees. Over the course of several months, the Settling Parties have engaged in settlement discussions, exchanged data and discoverable information about their respective positions, and carefully evaluated the potential risks of continued, class-wide litigation and the benefits of early resolution. Defendants produced information to Plaintiffs demonstrating their efforts at compliance with wage and hour laws, including upgrades to their time keeping systems that Defendants state automatically clock agents in from the moment they log into their work computers and begin performing any work. This information and the multiple defenses to Plaintiffs claims asserted by Defendants create a substantial risk as to whether a class would be certified and raised the question of whether Plaintiffs would receive any recovery in this lawsuit. No person besides the Plaintiffs has opted into this lawsuit, and no motion for class certification under Rule 23 or the FLSA has been filed, so all claims with respect to this lawsuit are resolved by this Agreement.

**C.**     The consideration to be paid to Plaintiffs reflects for each of them an analysis of the allegedly unpaid wages and overtime for the period covered by their claims, their claimed entitlement to other damages, costs, and attorneys' fees, and their likelihood of success on the merits and at obtaining class certification in light of the information produced by Defendants.  While the parties believe in the merits of their respective cases, settlement under the agreed terms will eliminate the significant risk of no recovery and the expense to which they would be subjected if they pursued what is very likely to be protracted and hotly-contested, class-wide litigation.  Accordingly, the Settling Parties and their Counsel believe that the Agreement is a fair and reasonable compromise of disputed claims, that the consideration paid to Plaintiffs constitutes more than adequate consideration for their return promises, releases, and obligations, and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation.

**D.**     Neither the Plaintiffs, nor their Counsel, shall distribute any press release, make any statements to the press, or hold any press conference concerning this Agreement or its terms.  At no time may the Plaintiffs or their Counsel disclose the terms of this Agreement to any non-party to the case, including to any employee or former employee of Convergys, except to their immediate family members, their attorney(s), tax consultant(s), and as may be required by law, and except to confirm that the matter has been settled.

## II. <u>SETTLEMENT APPROVAL PROCEDURE</u>

This Agreement will become final and effective upon occurrence of all of the following events:

**A.**     Execution of this Agreement by the Settling Parties and their counsel.

**B.**    Submission of this Agreement to the Court for approval.

**C.**    Entry of an Order by the Court granting approval of this Agreement.

**D.**    Delivery to Plaintiffs' Counsel of checks payable as, and in amounts as, set forth below (less withholdings required by law):

| | |
|---|---|
| Lisa D. Estrada | $4,444.33 |
| Calvin C. Walker | $2,222.33 |
| Sawaya & Miller Law Firm | $3,333.34 |

A Form 1099 shall be issued to Plaintiffs' Counsel, whose federal tax I.D. number is 84-0834621, for the above-referenced payment to Sawaya & Miller Law Firm. A Form W-2 shall be issued to each Plaintiff for their respective payments.

### III. EFFECT OF NONAPPROVAL

In the event that any condition specified in Section II of this Agreement is not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement shall be used or constructed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

### IV. RELEASE BY PLAINTIFFS

**A.**    In exchange for the considerations recited in this Agreement, each Plaintiff hereby agrees to dismiss with prejudice this lawsuit and not to refile the same and to forever release, acquit, discharge, and covenant not to sue Convergys Corporation, Convergys Customer Management Group Inc., and all of their past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees,

4

agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively, "Convergys") for:  (a) the alleged failure to pay for work performed during Plaintiffs' employment with Convergys; (b) the alleged violation of the FLSA or of Colorado or any other state wage and hour law arising from the Plaintiffs' employment with Convergys; and (c) all claims which have been brought against Convergys in *Estrada v. Convergys Corporation*, Civil Action No. 1:12-CV-03276-CMA-MEH.  This release of all wage and hour claims explicitly includes any claim for unpaid overtime, unpaid wages, unpaid bonuses or incentives, breach of contract, unjust enrichment, and for damages or compensation of any kind for allegedly unpaid work performed up to the date of this Agreement, including any claim for costs, expenses, and attorneys' fees related to any of Plaintiffs' wage and hour claims, whether such claim arises under common law or pursuant to federal or state statute, ordinance, or regulation.  Each Plaintiff hereby agrees that he or she has been fully paid for all hours worked for Convergys, and is being paid additional consideration as stated in this Agreement that is not otherwise owed by Convergys, in exchange for Plaintiffs' full release of claims.

      **B.**    In addition, each Plaintiff hereby agrees to waive any and all other claims against Convergys and promises not to sue Convergys for any claims arising out of each Plaintiff's respective employment with Convergys.  Specifically, and without limiting the generality of the foregoing, each Plaintiff, for themselves and their respective heirs and estates, fully releases Convergys from any and all claims, liabilities, promises, contracts, suits, costs, expenses and attorneys' fees which have been or could have been asserted by him or her or on his or her behalf in any forum for circumstances arising prior to the date

of this Agreement.  This release includes without limitation any and all claims, including claims of discrimination, retaliation and harassment on the basis of race, color, religion, sex, national origin, handicap, disability, age or ancestry, and claims based on a theory of contract, promissory estoppel, personal injury, defamation, loss of consortium, distress, humiliation, loss of standing and prestige, retaliation, public policy or any other tort.  This release specifically includes a release of all claims which could be asserted under any law or court decisions of the state of Colorado or any other state, and any other federal, state, city, or local statute, ordinance, or regulation.  This release includes, without limitation, any and all claims for any damages, whether equitable, compensatory, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs.

## V. **REPRESENTATION BY COUNSEL**

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed after having received the advice of counsel.

## VI. **NO ADMISSION OF LIABILITY**

The Settling Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Settling Parties.  This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement.  The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything herein, nor any part of the negotiations had in connection

herewith, shall constitute evidence with respect to any issue or dispute, and therefore shall not be admissible for any purpose in any other proceeding, except to enforce this Agreement or as may be required for tax purposes.

## VII. ATTORNEYS' FEES, COSTS, AND EXPENSES

The amounts to be paid by Defendants as set forth above fully satisfy any and all claims for attorneys' fees, costs, and expenses, including any related litigation expenses, of the Plaintiffs.  Defendants have no responsibility for any other fees, costs, or expenses of the Plaintiffs, each of whom shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

## VIII. AUTHORITY OF COUNSEL

Plaintiffs' Counsel warrant and represent that they are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.  Counsel for Defendants warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Defendants pursuant to this Agreement in order to effectuate its terms.  Plaintiffs' Counsel further warrant and represent that they do not represent any individual who wishes to bring any claim against Convergys based upon essentially the same allegations contained in the Complaint.  Plaintiffs' Counsel represent that they are aware of no individual who is a purported class or collective action member in Colorado who has indicated a desire to participate in this lawsuit or to initiate their own lawsuit based upon essentially the same allegations and that Counsel has made sure any individual who contacted them from outside Colorado understands they do not represent them.  Plaintiffs and their Counsel

further warrant and represent that, to the extent possible, they have removed or will remove within 7 days of execution all advertisements, postings, notices, publications, or other public communications they have made or created about this action. To the extent permitted by any applicable ethics rules, Plaintiffs' Counsel will not post, issue, or publish any such communications about this action, except that Plaintiffs' Counsel may reference the case and the fact that it settled as part of their litigation experience and include a link to the Complaint on their website, provided that any such reference does not include a solicitation for participating in this lawsuit or initiating another lawsuit against either or both Defendants based upon essentially the same allegations.

## IX. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## X. FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents to seek the necessary Court approvals, and to do all things reasonably necessary to consummate the Agreement and settlement as expeditiously as possible.

## XI. CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict their terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to

its terms and may not be varied or contradicted by extrinsic evidence.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written memorandum of understanding, or any specific term or condition thereof.

## XII.  COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement.  All counterparts of any such document together shall constitute one and the same instrument.

## XIII.  BINDING EFFECTS

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present, and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies.  Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**SIGNATURE PAGE FOLLOWS**

**AGREED AND ACCEPTED BY:**

For Plaintiffs:

Dated: 12-18-13

_____
Lisa D. Estrada

Dated: 12-18-2013

_____
Calvin C. Walker

APPROVED AS TO FORM

Dated: 12/18/13

_____
David H. Miller on his behalf
and on behalf of Sawaya & Miller Law
Firm Counsel for Plaintiffs

By signing this Agreement, Plaintiffs' Counsel agrees to waive all claims for costs, expenses, and attorneys' fees that are not provided for in this Agreement.

**AND AGREED AND ACCEPTED BY:**

For Defendants:

Dated: 1/9/14

_____

_____
(Name) Theresa J. Murphy

_____
(Position) Vice President - Legal

APPROVED AS TO FORM

Dated: 1/9/14

_____
Eugene Droder III
Frost Brown Todd LLC
Counsel for Defendants